## THE VOLUNTEER.

(Circuit Court of Appeals, Second Circuit. November 7, 1906.)

### No. 36.

1. TOWAGE—LOSS OF TOW BY COLLISION WITH WRECK—LIABILITY OF TUG.

A finding affirmed that a tug was in fault for the loss of her tow by running her upon a sunken wreck at night, upon evidence showing without contradiction that a lantern showing a red light, and capable of burning for 24 hours after each filling, was filled, lighted, and set above the wreck on the evening before, and that it was burning brightly two hours before the collision, and that the tug maintained no sufficient lookout.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Towage, §§ 11, 17–19, 36.]

2. ADMIRALTY—PLEADING—ESTOPPEL.

In a suit in admiralty to recover for the loss of a tow by collision with a sunken wreck at night, in which the tug and the owner of the wreck are both made defendants, and charged with fault, the libelant is not precluded from recovering against the tug alone because the libel charges the owner of the wreck with a fault which, if proved, would exonerate the tug, which charge is admitted by the answer of the tug, but is not sustained by the evidence; the practice in admiralty being to bring all parties before the court, and to determine the controversy on the merits as it appears from the proof, regardless of technicalities of pleading.

. Appeal from the District Court of the United States for the Southern District of New York. .

Libel filed by the owner of a cargo of coal on board the barge McNally and by the master of the barge, to recover, respectively, for the loss of the cargo and for the personal effects of said master. The libel alleged that the tug Volunteer was negligent in towing the McNally upon the wreck of the barge Doherty, which lay sunk in the channel at South Norwalk, Conn. It also alleged that the owners of the Doherty were at fault in not maintaining a light above said wreck. The collision occurred about 20 minutes after 12 on the night of October 13, 1903.

The district judge condemned the tug and her claimant appeals to this court.

Lawrence Kneeland, for libelants.

De Lagnel Berier, for The Volunteer.

La Roy S. Gove, for The Doherty.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. If there were a light above the wreck at the time of the collision the tug was at fault; if not, the owners of the Doherty were at fault for failing to keep a light there. The question thus presented was one of fact and was decided by the district judge after hearing and seeing the witnesses. We have repeatedly held that such a finding will not be disturbed unless clearly against the weight of evidence.

That a lantern showing a red light had been set above the wreck, capable of burning for 24 hours after each filling, is proved by uncontradicted testimony. It was refilled on the day in question between 4 and 5 o'clock in the afternoon and was seen burning brightly at 10 o'clock. There is a presumption that in such circumstances the light continued to burn. If there had been a vigilant lookout on the Volunteer who had testified that he saw no light, such testimony, especially if corroborated by the wheelsman and other members of the crew in the actual discharge of their duties, might be sufficient to overcome the presumption. There was, however, no such evidence, Those on the tug and tow whose testimony was given were attending to other matters and giving little heed to the situation ahead. The master of the tug died before the trial. The only two witnesses who testify on the subject are the master of the McNally and the deck hand of the Volunteer. They were walking about and talking, and it is not pretended that either was giving his undivided attention to the business of looking out. Their evidence was unsatisfactory and the district judge gave little credence to their statements.

The case, in this respect, is wholly different from The John H. Starin, 122 Fed. 236, 58 C. C. A. 600, where the captain and quartermaster of a large passenger steamer, both licensed pilots and mariners of many years experience, were in the pilot house and a competent lookout was at the bow. These witnesses united in saying that they saw no light ahead, although each was at his post attending vigilantly to his duty. This testimony was held to outweigh the testimony offered on behalf of the injured schooner that a light was set in the rigging and was seen burning half an hour before the accident, there being no satisfactory proof that the lantern was properly filled and trimmed.

The case at bar is similar on the facts to The Fin MacCool, 147 Fed. 123, where it was held by this court that the testimony of a listless and inattentive crew that they saw no light on a sunken wreck was insufficient to overcome the positive testimony that a light was there.

The libelants proceeded against the tug and the owners of the Doherty, the libel alleging that the latter were negligent in failing to maintain a light. In its answer the tug admitted this allegation and now asserts that by reason of this admission the libelants are precluded from recovering upon the theory that the light was burning.

If this were a common law action between the libelants and the owner of the tug there would be great force in the contention, but it has little application to a suit in the admiralty where the aim and purpose of the court is to bring all parties before it and determine the controversy on the merits as it appears from the proof. The libelants might have proceeded against the tug alone, in which event her owner would unquestionably have brought in the owners of the Doherty. The Hudson (D. C.) 15 Fed. 162; Admiralty Rule 59, Supreme Court. The libelants were entitled to recover from the tug or the owners of the Doherty. The question of light or no light was one of vital importance to these two parties, but of little interest to the libelants. The tug by admitting the allegation of the libel as to the fault of the owners of the Doherty could not preclude them from proving that they were free from fault. This they succeeded in doing to the satisfaction of the district judge and having ascertained where the truth lay it was his duty to decree accordingly. It would be a travesty of justice to turn a meritorious libelant out of court because one of the respondents admits that the other was at fault.

The decree is affirmed with interest and costs.