### THE ANNA M. FAHY.

### THE OVERBROOK.

### THE MEDIA.

(Circuit Court of Appeals, Second Circuit. April 30, 1907.)

No. 266.

1. NAVIGABLE WATERS—OBSTRUCTION BY WRECK—LIABILITY OF OWNER FOR FAILURE TO MARK WRECK.

Act March 3, 1899, c. 425, § 15, 30 Stat. 1152 [U. S. Comp. St. 1901, p. 3543], which provides that, whenever a vessel is wrecked and sunk in a navigable channel, "it shall be the duty of the owner of such sunken craft to immediately mark it with a buoy or beacon during the day and a lighted lantern at night," places such duty upon the owner, and no one else, and he cannot shift the responsibility for an injury to another vessel resulting from his failure to perform it upon tugs which caused the wreck by their fault, when he had notice of the situation in ample time to have performed the duty before damage resulted.

2. SAME.

The owner of a canal boat which was sunk in New York Bay, who received notice of the sinking at once, and could have had it marked as required by statute within an hour, is liable for the damages caused by a passing vessel coming into collision with the wreck six hours later, when it was still unmarked.

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from a decree of the District Court for the Southern District of New York awarding damages to the libelants, owners of the tug Bulley, for injuries sustained by her as the result of running upon the sunken canal-boat Anna M. Fahy. The Fahy was sunk by reason of the negligence of the tugs Overbrook and Media in towing her upon the rocks near St. George, Staten Island. The claimant of the Fahy brought in the tugs under the fifty-ninth rule in admiralty. The District Court dismissed his petition with costs and the claimant has appealed to this court, insisting that the Fahy should be absolved and the tugs Overbrook and Media held for the libelants' damages.

John F. Foley, William J. Martin, for libelant.

James K. Symmers, James Emerson Carpenter, and Carpenter, Park & Symmers, for the Fahy.

William S. Montgomery, Henry Galbraith Ward, and Robinson, Biddle & Ward, for The Overbrook and Media.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. The tug Bulley was damaged by running upon the sunken wreck of the canal boat Fahy shortly after 6 o'clock on the evening of April 4, 1905. The Fahy sank about 8:30 on the morning of the same day having been negligently towed on the rocks by the tugs having her in charge. The Bulley was without fault and is entitled to a decree against the vessel or vessels responsible for her damages. This proposition is not controverted.

The libel was filed upon the theory that the Fahy was solely liable for the reason that her owner neglected to comply with the provisions of section 15 of the act of March 3, 1899, which directs that it shall be the duty of the owner of a vessel sunk in a navigable channel immediately to mark it with a buoy or beacon during the day and a lighted lantern at night. 30 Stat. 1152, c. 425, U. S. Comp. St. 1901, p. 3543.

The duty thus made imperative was wholly neglected. From the sinking of the Fahy to the collision with the Bulley nearly ten hours elapsed and no buoy or beacon, or mark of any kind, had appeared above the wreck. This failure to act, imperilling as it did the lives and property of those navigating a much frequented channel, is made unlawful by the statute and was negligence of a pronounced type.

It is argued that the word "immediately" as used in the statute means within a reasonable time. Undoubtedly the word should be construed having in view the circumstances of the particular situation in hand; what might be justifiable delay in one case would be culpable delay in another. Here, however, we are confronted with no problem of this character, for the reason that the owner was informed of the disaster shortly after 12 o'clock, and, had he acted promptly, he could have had a mark placed over the wreck within an hour thereafter. Instead of doing this he wasted valuable time in communicating with his insurers and the engineer corps and did not notify the Merritt & Chapman Wrecking Company until about 2 o'clock, when he asked them to locate the wreck and, incredible as it may seem, he gave no order to mark it. It was not until 4 o'clock that the order finally came to place a buoy above the wreck. Thereafter, the negligence in failing to act until after 6 o'clock was that of the wrecking company, but its fault in this regard must be imputed to the claimant. The law placed the duty of marking the wreck upon him and he cannot escape responsibility by delegating it to others. The Merritt-Chapman Company was his agent and he is responsible for its acts and omissions. No construction can be placed upon the statute which makes it inapplicable to an owner who delays action for six hours after knowledge of all the essential particulars, when he could have communicated with those in the vicinity of the wreck immediately and could have reached it in person in less than an hour.

The tugs Overbrook and Media are undoubtedly liable to the owner of the Fahy for their negligence in towing her upon the rocks, but are they liable to the Bulley for failure to mark the wreck? The district judge thought not and we are inclined to agree with him.

The statute places the duty to mark upon the owner and no one else; there is no divided responsibility and, if the statute is to be effectual, there cannot be.

When the towage service ceased by the sinking of the Fahy we think the tugs were justified in assuming that the duty imposed by statute upon the owner would be performed. The masters of the tugs knew that the master of the Fahy was uninjured and able to communicate with her owner which he did as soon as he arrived in New York, and they might well have supposed that if they took measures to buoy the wreck it would be regarded as an impertinent interference with the business of another to whom that duty was specifically delegated.

We do not intend to hold that conditions may not arise where a duty is imposed upon a tug to mark a wreck caused by her negligence. It may well be, where all representatives of the owner are drowned or where communication with him is impossible from any cause, that a duty rests upon the tug to mark the wreck. No such situation arises in the case at bar. There was nothing whatever to prevent the owner from marking the wreck; the tugs knew this and were justified in assuming that the owner would act as he was commanded to act by law.

The decree is affirmed with interest and costs.