Petition of ANTHONY O'BOYLE, Inc., et al.

## THE FARRAGUT.

## THE BALTIMORE.

## THE DALY NO. 38.

## THE OVERBROOK.

No. 219, Docket 20526.

Circuit Court of Appeals, Second Circuit.

Decided June 3, 1947.

New York City, of counsel), for petitioner-appellee.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

There can be no doubt that the tug Baltimore was grossly negligent. All danger could have been avoided by taking the Daly No. 38 up the port side of the tow, and even the passage up the starboard side could have been safely executed by a master navigating with reasonable care. The master of the Baltimore, knowing of the existence and approximate location of the wreck, used neither a searchlight nor a lookout, although by doing either he could have determined the exact location of the wreck.

The only question is whether the damage to the Daly No. 38 should be apportioned between the Baltimore and O'Boyle, the owner of the Farragut, because of the latter's failure to mark the wreck before the collision. The Wreck Statute, 33 U. S.C.A. § 409, places a duty on the owner "immediately to mark" the wreck. "Immediately" has been interpreted to mean within a reasonable time after the owner is notified of the wreck. The Anna M. Fahy, 2 Cir., 153 F. 866. About two hours elapsed between notification and the time of the collision. In some conditions, failure to mark within that period might be unreasonable. But, considering the time of night and the fact that none of the O'-Boyles was then in the office, we cannot say that the passage of two hours without any action on the part of the O'Boyles constituted a dereliction of the statutory duty to mark the wreck.

This alone would be sufficient to dispose of the case, but we note, in passing, the reasonableness of Miss O'Boyle's assumption that notification of the Coast Guard was equivalent to a request that they mark the wreck; such a request would probably have been sufficient to discharge O'Boyle's duty to mark. See The Plymouth, 2 Cir., 225 F. 483. We are aware that the duty has been held to be non-delegable, Elizabeth Company v. Mesick & Mesick, 2 Cir., 298 F. 743, but we feel that

Burlingham, Veeder, Clark & Hupper, of New York City (Chauncey I. Clark, Frederic Conger, and George R. Wagner, all of New York City, of counsel), for petitioner-appellant.

Mahar & Mason, of New York City (Frank C. Mason, of New York City, of counsel). for claimant-appellee.

Macklin, Brown, Lenahan & Speer, of New York City (Gerald J. McKernan, of

a distinction may be drawn between (1) a request to the authorized government agency, 33 U.S.C.A. § 736, and (2) a request to a private company which, by such request, becomes the agent of the owner so that the agent's delay in marking the wreck would be imputed to the owner of the wreck.

Affirmed.