MARY LEWIS, ADMINISTRATRIX OF STEPHEN J. LEWIS, DECEASED, APPELLANT, *v.* EDWARD R. BELL, ASSIGNEE OF I. BELL, JUNIOR.

Where a claimant upon the government of Brazil assigned his claim to a creditor soon after the transaction occurred which gave rise to the claim, and the assignment appeared to have been made upon good consideration, the assignee was entitled to receive the proceeds of the award of the commissioners. The assignee took measures, immediately after the assignment, to protect his rights.

THIS was an appeal from the circuit court of the United States for the District of Columbia, holden in and for Washington county.

The case is stated in the opinion of the court.

It was argued by *Mr. Chilton* and *Mr. Lawrence*, for the plaintiff in error, and by *Mr. Bradley*, for the defendant.

Mr. Justice GRIER delivered the opinion of the court.

The subject-matter in dispute in this case is a sum of money in the hands of the secretary of the treasury, which had been awarded to the appellant by the commissioner appointed under the act of congress to adjust claims under the treaty between the United States and Brazil. Stephen J. Lewis, deceased, is admitted to have been the original owner of the claim. He was owner of one fifth of the brig Caspian, which was illegally seized by the Brazilian squadron, in October, 1827, and condemned. Lewis was on board at the time, and was robbed of his baggage and money to the extent of some four thousand dollars. The whole amount awarded on these claims of Lewis, was $11,551.

Isaac Bell, senior, the father of the appellee, had an assignment of this claim from Lewis, by deed of assignment, dated November, 1828.

The claim was prosecuted to its final recovery in 1852, by Isaac Bell. But having in the meanwhile lost or mislaid his

Lewis v. Bell.

original deed of assignment, and not having sufficient legal proof of the copy, the commissioner awarded the money to the administratrix of Lewis.

Isaac Bell, senior, assigned his right to his son, Isaac Bell, junior, and he soon after assigned to his brother, the appellee, who instituted this proceeding in the circuit court of the District of Columbia, under the provisions of the act of congress of July 3, 1852.

After the institution of this suit, the original assignment was accidentally discovered, and has been satisfactorily proven. The court below awarded the money to the complainant below, and the administratrix of Lewis has taken this appeal.

The objections to the title of Edward R. Bell, as champertous, collusive, and fraudulent, and made for the purpose of using the father as a witness, are wholly unsustained by any evidence.

There is no principle in equity which prevents a creditor from assigning an interest in a debt, after institution of a suit therefor, as being within the statutes against champerty and maintenance; (see 2 Story's Eq. 1049, 1054;) nor will the want of a full money consideration, as between father and son, and brother and brother, subject the transaction to such imputation, without further proof. The father's testimony was not offered by the appellee in this case; we are not, therefore, bound to notice the question of its admissibility, or the policy of permitting assignments for the purpose of making the assignor a witness, on which so much of the argument of this case was expended.

It is contended, also, that the assignment of Lewis to Bell, senior, is not absolute, but a security only, of some debt which has been satisfied; and that it is voluntary, and imports a trust between the parties.

The deed of assignment, after a recital of the capture of the brig Caspian, and the claim preferred by the American minister at Brazil, on behalf of Lewis, for indemnity, proceeds as follows:—

"Now, know all men by these presents, that the said Stephen J. Lewis, for and in consideration of the sum of one dollar, lawful money of the United States, to him in hand paid by Isaac Bell, of the city of New York, merchant, the receipt whereof is hereby acknowledged, and also for divers other good considerations him thereunto moving, hath granted, bargained, and sold, assigned, transferred, and set over, and by these presents doth grant, bargain, and sell, assign, transfer, and set over, unto the said Isaac Bell, his executors, administrators, and assigns, all and singular, the said claim, and all the sum and sums of money that may be recovered or received, of and from the said Brazilian government, or of and from whomsoever it may concern, for o by reason of the said illegal capture, or which may arise from

52*

the proceeds of the said brig Caspian and cargo ; to have and to hold the same and every part and parcel thereof, unto him, the said Isaac Bell, his executors, administrators, and assigns, forever," &c., &c.

This is an absolute assignment of the whole claim of Lewis against the Brazilian government. Besides the consideration of one dollar, it mentions " divers other good considerations," without specifying them particularly.

The bill alleges that the real consideration was a large indebtedness of Lewis to Bell, which was never paid, Lewis having died in 1844, insolvent. This is denied by the answer. But the evidence, as far as it affects the point, tends to establish the correctness of the allegations of the bill. After the assignment, Lewis does not appear to have interfered in the prosecution of this claim, up to the time of his death, in 1844, nor did his administratrix set up a claim till the money was recovered, in 1852.

In December, 1828, it appears that Bell transmitted this assignment to his agent in Buenos Ayres, in order to prosecute the claim, alleging that the " assignment was made by Lewis, in consequence of advances made to him in the purchase of a brig and cargo." In the same year, he wrote to the Hon. Henry Clay, inclosing the protest of Lewis, in order that our government might be led to urge the payment of his claim, and alleging as the reason of his interference, that Lewis was indebted to him in the sum of $15,000, and had failed, and had therefore made him the assignment now in question. In a letter from Bell to Mr. Cambreling, in 1830, urging his interference in behalf of the Lewis claim, Bell assigns as the reason for his request, that Lewis had become indebted to him, and had no other means of payment but through that claim ; and to confirm the whole matter beyond dispute, the counsel of the respondent below (now appellant) read in evidence the testimony of Isaac Bell, senior, proving the assignment to have been made in consideration of large indebtedness by Lewis to Bell, and that Lewis was then insolvent, and continued so to the time of his death. By their own showing, therefore, there is ample consideration for the assignment, and not the least evidence of a secret trust.

The decree of the circuit court is, therefore, affirmed.

### Order.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the District of Columbia, holden in and for the county of Washington, and was argued by counsel. On consideration whereof it is now here ordered, adjudged, and decreed by this court, that the decree of the said circuit court in this cause be and the same is hereby affirmed, with costs.