## MOULOR *v.* INSURANCE COMPANY.

In an action upon a life policy, where the defence is set up that some of the answers to the interrogatories contained in the application for insurance are untrue, and the evidence is conflicting, the court should not direct the jury to find for the defendant.

ERROR to the Circuit Court of the United States for the Eastern District of Pennsylvania.

This action was brought by Emilie Moulor, widow of Louis Moulor, against the American Life Insurance Company, upon a policy of insurance upon his life issued June 17, 1872. The instrument contains the following stipulation: " And it is hereby declared and agreed that if the representations and answers made to this company in the application for this policy, upon the full faith of which it is issued, shall be found to be untrue in any respect, or that there has been any concealment of facts, then, and in such case, this policy shall be null and void." The application contains the following interrogatories and answers, among others : " Seventh. Has the party " (Louis Moulor) " ever been afflicted with any of the following diseases? Answer 'yes' or 'no' to each. Insanity? No. — Gout? No. — Rheumatism? No. — Palsy? No. — Scrofula? No. — Convulsions? No. — Dropsy? No. — Small-pox? No. Yellow fever? Yes. — Fistula? No. — Rupture? No. — Asthma? No. — Spitting of blood? No. — Consumption? No. — Any diseases of the lungs or throat? No. — Or of the heart? No. — Or of the urinary organs? No."

Interrogatory twelfth. " How long since the party was attended by a physician? For what disease or diseases?" Answer. " Not since the year 1847, when he had the yellow fever."

After these answers the application contained the following: " It is hereby declared and *warranted* that the above are fair and true answers to the foregoing questions, and it is acknowledged and agreed by the undersigned " (Louis Moulor) " that this application shall form a part of the contract of insurance, and that if there be in any of the answers herein made any untrue or evasive statements, or any misrepresentations, or concealment of facts, then any policy granted upon this application shall be null and void."

The defence set up at the trial was that some of the answers to the interrogatories contained in the application were untrue, and this defence was attempted to be supported by the testimony of a single witness, Dr. Mathieu. He testified that he had been the family physician of Moulor since 1855; that in 1858 and 1859 he attended Moulor for chronic asthma, manifestations of the first stage of consumption, and also treated him for scrofula. The witness did not testify positively that Moulor had the diseases for which he treated him, but his testimony was that Moulor never learned from him or any other physician, and that he never suspected or had the remotest idea that he was affected with any such diseases; on the contrary, that he always boasted of himself as being a strong, healthy, and robust man. The witness further testified that the asthma Moulor had was the dry, nervous asthma, attended by no expectoration; that there was nothing connected with it to make the patient believe he had it. As to the first stage of consumption, there was no softening of the tubercles, and, therefore, no expectoration of the tuberculous matter. As to the scrofula, that his was very mild diathesis.

This was all the testimony adduced, and now relied upon to prove that the answers in the application were untrue.

There was, however, in evidence the statement of two medical examiners attending the application. They represented the assured as in perfect health, and as having never had any constitutional disease except yellow fever, and a curvature of the spine in his early youth, and as having no predisposition, either hereditary or acquired, to any constitutional disease.

The court instructed the jury to find for the defendant. Judgment having been rendered accordingly, the plaintiff sued out this writ.

*Mr. James Parsons* for the plaintiff in error.

*Mr. Isaac Hazlehurst* and *Mr. Henry Hazlehurst* for the defendant in error.

MR. JUSTICE STRONG, after stating the facts, delivered the opinion of the court.

As the judgment which was entered by the Circuit Court was in accordance with the verdict, the only assignment of

error which we have to consider is the first, namely, that the court erred in giving to the jury a binding charge to return a verdict for the defendant.

We are of opinion that the evidence did not warrant a peremptory instruction to the jury to find a verdict in favor of the defendant. The testimony of Dr. Mathieu was parol. Its credibility as well as its effect was for the jury, especially as it was not positive and unqualified that Moulor had had the diseases for which the witness had treated him, and as the statements of the examining physicians which were in evidence tended in some degree to prove that he never had. The jury might, perhaps, have drawn the conclusion from Dr. Mathieu's testimony that there had been only predisposition to the diseases, and not the diseases themselves. He stated in regard to the asthma for which he treated Moulor that it was attended with no expectoration, and that there was nothing connected with it to make the patient believe he had it. In regard to the first stages of consumption, according to his statement there was no expectoration of tuberculous matter. He does not state that there was any cough or pain in the chest. There were, then, no external symptoms of either of the three diseases mentioned. Had scrofula existed, it would seem probable the patient must have known it. Yet the doctor states he did not suspect, or have the remotest idea, that he was affected with either of the diseases. That he was treated for them is not conclusive that he had them. The most skilful treatment sometimes is given when the existence of a particular disease is only suspected, not known, and when afterwards it appears the physician was mistaken.

For these reasons we think the testimony was not such as to justify a withdrawal from the jury of the inquiry whether the answer to the seventh interrogatory was untrue.

Nor was it sufficient to enable the court to conclude, without reference to the jury, that the answer to the twelfth interrogatory was untrue. The entire interrogatory should be considered as one. It was, " How long since the party was attended by a physician ? For what disease or diseases? " To this the answer was, " Not since the year 1847, when he had the yellow fever." It may well be that the applicant understood the

interrogatory as asking information respecting attendance for a particular disease or diseases and their description, especially as the thirteenth interrogatory sought information respecting the party's *usual medical attendant*, and the name of that attendant was truly given.

Upon the whole, therefore, we think the case should have been submitted to the jury on the evidence.

*Judgment reversed, and the cause remitted for a new trial.*