## HAUGHTON *v.* AETNA LIFE INSURANCE COMPANY.

[No. 6,327. Filed June 24, 1908. Rehearing denied and mandate modified November 20, 1908.]

1. APPEAL.—*Law of the Case.*—The decision on a former appeal constitutes the law of the case in all subsequent stages. p. 528.

2. INSURANCE.—*Warranties.*—*Construction of.*—Warranties in insurance policies are strictly construed, and though an answer in an application be partial, yet true so far as it goes, the warranty extends only to the extent of such answer. p. 529.

3. SAME. — *Warranties.* — *Interrogatories.* — *Partial Answers.* — Where an insurance company's application contained the following question: "What is the name and residence of your physician, the one whom you have personally employed or consulted?" and assured in answer thereto stated: "Have none," and the interrogatories to the jury and the answers thereto show that assured had shortly prior thereto consulted a physician many times with respect to his health, it is not thereby conclusively shown that assured did have a physician at the time of signing the application. p. 529.

4. SAME.—*Applications.*—*Forfeitures.*—*Construction.*—The rule requiring provisions for the forfeiture of an insurance policy to be strictly construed applies to the construction of the questions contained in the application. p. 530.

5. TRIAL.—*Verdict.*—*Presumptions.*—*Interrogatories.*—*Inconsistent Answers.*—Nothing will be presumed against a general verdict and conflicting answers nullify each other. p. 530.

6. INSURANCE.—*Warranties.*—*Other Insurance.*—Where assured, in his application, was asked whether he had made application for insurance to any company or association, which had not been granted, and he answered "no," a general verdict in favor of the beneficiary should not be overturned on the ground that other interrogatories and answers showed that assured had applied to another company for a policy for $5,000; since such application might have been granted, thus making his answer true. p. 530.

7. SAME.—*Warranties.*—*Other Insurance.*—*Interrogatories.*—*Conflict.*—An interrogatory to the jury and answer thereto showing that assured, in his application, was asked whether he had applied for insurance to any other company and had been refused, to which he answered "no," and another interrogatory and answer thereto showing that he had made an application for a

policy, and another showing that assured was asked in his application whether he then had any insurance on his life and he answered "none," are not in irreconcilable conflict with a verdict for the beneficiary.    p. 531.

8. TRIAL.—Verdict.—Interrogatories.—Conflict.—Evidence.—In determining whether the interrogatories and their answers are in irreconcilable conflict with the general verdict the evidence will not be considered.    p. 531.

9. SAME. — Verdict.—Interrogatories.—Motions.—Judgment.—New Trial.—Upon the return of a verdict and answers to the interrogatories to the jury, the losing party may move for judgment notwithstanding the general verdict, thus affirming the answers to the interrogatories, or move for a new trial, thus bringing the whole case before the trial court for review.    p. 531.

10. APPEAL.—Reversal.—New Trial.—Interrogatories.—Though appellant is technically entitled to a judgment, a new trial may be ordered on a reversal, on appeal, where justice will be best subserved.    p. 531.

11. SAME.—Mandate.—Modification.—A mandate ordering judgment will be modified and a new trial ordered, where it appears that justice will be best subserved.    p. 532.

From Sullivan Circuit Court; *William T. Douthitt,* Special· Judge.

Action by Permelia P. Haughton against the Aetna Life Insurance Company.    From a judgment for defendant, plaintiff appeals.    *Reversed.*

*Alvin M. McClure, William A. Cullop, George W. Shaw, George W. Buff, John S. Bays, Lee F. Bays, J. P. Haughton* and *Samuel Emison,* for appellant.

*Ulric Z. Wiley, Arthur H. Jones, W. R. Gardiner, Charles G. Gardiner, C. K. Tharp, W. C. Johnson, Will H. Hays* and *John T. Hays,* for appellee.

ROBY, C. J.—This is the second appeal, a judgment for the appellee having been heretofore reversed. *Haughton v. Aetna Life Ins. Co.* (1905), 165 Ind. 32.    In the former hearing the sufficiency of the complaint and of the appellee's answer was affirmed.    By the law of the case so established the ultimate rights of the parties are to be determined.    *Halstead* v. *Sigler* (1905), 35 Ind. App. 419.

The cause was tried by a jury, a general verdict returned for appellant in the amount of the policy with accrued interest. Accompanying the general verdict were answers to a series of interrogatories. Appellee moved for judgment on said answers notwithstanding the general verdict, and such motion was sustained, appellant's motion for judgment on the general verdict being overruled. The correctness of these rulings, by which the same question is presented, is the sole matter to be determined on this appeal.

There were ninety-two interrogatories submitted. The answers take out of consideration, as a possible basis upon which to sustain the judgment, all facts set up except as to two propositions, upon which appellees ask an affirmance. The twenty-second interrogatory, together with its answer, shows that in decedent's application for the policy sued upon he was asked the following question, and answered as indicated:

"What is the name and residence of your physician, the one whom you have personally employed or consulted? A. Have none."

Warranties in insurance policies are strictly construed. "If the answer given [by the assured] to any interrogatory [contained in the application] be in itself true, though the question be such as to suggest a fuller and more detailed answer, yet, if the insurer be content with the partial answer, he cannot claim a warranty extending beyond the partial answer." *Penn Mut. Life Ins. Co.* v. *Wiler* (1885), 100 Ind. 92, 50 Am. Rep. 769. See, also, *Supreme Lodge, etc.,* v. *Foster* (1901), 26 Ind. App. 341; *Van Valkenburgh* v. *American, etc., Life Ins. Co.* (1877), 70 N. Y. 605. There is no finding that at the time said application was made the applicant did have a physician. It is found that prior to December 9 he had "personally consulted a physician with respect to his health." It is also found that prior to said date he had not "personally em-

ployed a physician.'' It is found that he had personally consulted said physician four or five times within sixty days preceding December 9. It is also found that he had not personally employed said physician and consulted him under said employment within said time, and that he visited said physician and consulted with him professionally on the 26th of October, and on the 5th, 10th, 17th, and 26th days of November, 1898. The rule requiring provisions for forfeiture to be strictly construed must be applied in construing the language used in the application. For the purposes of this motion nothing will be presumed as against the general verdict, and inconsistent answers by the jury nullify one another. We are constrained thereby to hold that the applicant stated that he had no physician when the application was made, and that the falsity of such fact is not shown by the answers to the interrogatories. *Moulor* v. *American Life Ins. Co.* (1879), 101 U. S. 708, 25 L. Ed. 1077.

The twenty-third interrogatory, together with its answer, shows that decedent in his application was asked the following question and answered as indicated:

"Has any proposal or application to insure your life been made to any company, association or agent for which insurance has not been granted, or on which a policy or certificate of insurance was not issued for the full amount and of the same kind as applied for? If so, state particulars, names of all such companies, associations or agents. A. No."

By this interrogatory appellee sought to learn if any proposal or application to insure George A. Haughton's life, upon which insurance had not been granted or on which a policy was not issued for the full amount and of the same kind as applied for, had been made. The purpose was to learn whether another company doubted the risk. Facts otherwise exhibited by the answers of the jury show that he

had, prior to the time of this application, made application to the Life Assurance Company of America for insurance on his life in the sum of $5,000. If this insurance was made by that company the answer to the question is not falsified. It was directed only to applications on which insurance was refused, in whole or in part. Neither is it in necessary conflict with the answers to the following question:

"What amounts are now insured on your life, and in what companies or association? If insured in this company, state the number and amount of each and every policy. A. None."

The fact that the Life Assurance Company of America had accepted the risk and issued the policy was perfectly consistent with the answer made. The policy might not have been accepted by the decedent, it might have been canceled or surrendered. In determining a motion for judgment on answers to interrogatories it is not permissible to consider evidence. *Lowden* v. *Pennsylvania Co.* (1908), 41 Ind. App. 614.

The facts relied upon to sustain the judgment herein are insufficient for that purpose. The evidence is not before this court. Appellee, upon the rendition of an adverse verdict, had a choice of measures. It chose to affirm the finding of the jury, and moved for judgment thereon. It might have moved for a new trial and by that motion have brought the entire case before the trial court. It did not choose to do this, but took the verdict as it was, and demanded a judgment. This court may, in the exercise of a sound discretion, direct a new trial. Such discretion is however a judicial discretion. *Talbott* v. *Barber* (1894), 11 Ind. App. 1, 12, 54 Am. St. 491. Judicial discretion must have some basis in the record. There is none here, and we may not go outside of the record to find it.

The judgment is reversed and the cause is remanded, with

instructions to sustain appellant's motion for judgment on the general verdict.

## CONCURRING OPINION.

RABB, C. J.—While concurring in the reversal of this case, I think that justice would be best subserved by directing a new trial.

## ON PETITION FOR REHEARING.

Per Curiam.—Upon consideration of the petition for a rehearing it is concluded that the petition be overruled. It is the opinion of the majority of the court that a new trial should be had. The mandate is therefore modified to read as follows: ''The judgment is reversed and the cause remanded and a new trial ordered.''