## MADISON v. WHITE.
### No. 5166.

Court of Appeals of District of Columbia.
Argued Oct. 8, 1931.
Decided Nov. 16, 1931.

. Andrew Wilson, of Washington, D. C., for appellant.

C. H. Merillat, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from a judgment of the Supreme Court of the District of Columbia for $3,620.37, with costs, entered on a verdict for plaintiff in an action on two promissory notes.

Appellee, hereinafter called plaintiff, is one of three younger sisters of appellant, hereinafter called defendant.

From a time prior to 1890 the four sisters, their mother, and their brothers, were interested in certain property in northwest Washington, that of particular interest to this case being in square 2935 bounded by Twelfth, Thirteenth, Madison, and Longfellow streets.

The family home was on Longfellow street, and there, during most of the time with which we are concerned, plaintiff and defendant lived together, with one or more of their sisters.

On May 18, 1915, defendant gave plaintiff her two promissory notes here in suit, each payable on or before two years from date, one being for $905.35, and the other for $1,319.00, bearing interest at 6 per cent. and 5 per cent. respectively.

Plaintiff testified that these notes represented renewals of notes for her share of a loan by their mother from guardianship property of plaintiff and her other sisters then minors, made to the defendant upon her coming of age.

Defendant admitted receiving the loan from the mother but denied owing anything to plaintiff on account thereof, and claimed there was no consideration for these notes.

The notes were not paid at maturity nor within three years thereafter.

In January, 1924, plaintiff and defendant having agreed each to build a garage on their adjoining properties in square 2935, and access thereto being required by plaintiff across a strip of defendant's land, a deed was made to meet the situation, which recited a nominal consideration from each to the other.

Plaintiff and her sister Mrs. Somerville testified that defendant suggested as the real consideration for the right of way, a credit on her notes of an amount to be agreed upon after competent calculation of the footage involved.

Mr. Clayton, a member of the bar, testified he had the requisite calculations made at the Municipal building in the spring of 1924.

On the back of the smaller note a credit of $100 was made, and on the back of the larger, a credit of $169.25, both as of April 15, 1924, and both in the handwriting of plaintiff.

Plaintiff testified that the amounts were agreed upon on that date and then placed on the notes by her at the direction and with the authority of defendant, just after a final settlement by them with the contractor for his work.

This was corroborated by her sister Mrs. Somerville who claimed to be present, or nearby, during much, if not all, of the conversation.

This was denied by defendant, who said, with at least equal corroboration, that she and plaintiff were not on speaking terms at that date, nor for some time prior and subsequent thereto.

The defense being lack of consideration for the notes of 1915, and the statute of limitations, the first of which was poorly maintained, much depended upon the real facts surrounding the entries of April 15, 1924.

Since the declaration was filed April 11, 1927, the credits, if so authorized as to revive the prior debt, must have been made within three years of the latter date to prevent the statute from running.

The first error assigned is to the admission of parol evidence as to the consideration for the agreement under seal of January 23, 1924.

Code, D. C., title 11, chapter 1, section 5, after providing that no acknowledgment or promise by words only shall be sufficient evidence of a new or continuing contract unless in writing signed by the party chargeable, says: "Provided, That nothing herein contained shall alter or take away, or lessen the effect of any payment of any principal or interest made by any person whatsoever: * * * No indorsement or memorandum of any payment written or made upon any promissory note, bill of exchange, or other writing, by or on behalf of the party to whom such payment shall purport to be made, shall be deemed sufficient proof of such payment so as to take the case out of the operation of the statute of limitations."

Consequently a new promise or acknowledgment cannot be proved by oral evidence of its making, but there must also be a signed writing of the party charged, while a part payment to avoid the statute, must be proved by evidence in addition to its indorsement on the note.

While in the present case there was some evidence of acknowledgment, the chief reliance of plaintiff was on the part payment and on the portion of the statute relating thereto.

Competent parol evidence was therefore not only admissible but requisite under the statute.

This court has held that the section of the Code under consideration does not make testimony as to an oral acknowledgment wholly inadmissible in evidence, but simply provides that it shall not be deemed sufficient evidence while standing alone. Shelley v. Westcott, 23 App. D. C. 138.

And in Catholic University v. Waggaman, 32 App. D. C. 320, we not only recognized the admissibility but the importance of oral testimony connected with an indorsement of part payment.

The question before the trial court being whether the indorsements of the payments on account were authorized by defendant, and the facts about those credits therefore being material, Was the plaintiff precluded by the seal on the agreement of January 23, 1924, from showing considera-

442

tion for that instrument, in addition to the nominal one mentioned therein?

The Supreme Court of the United States in Richardson v. Traver, 112 U. S. 431, 5 S. Ct. 201, 206, 28 L. Ed. 804, said: "It is elementary learning that evidence may be given of a consideration not mentioned in a deed, provided it be not inconsistent with the consideration expressed in it. 1 Greenl. Ev. 286; 2 Phil. Ev. 353." To the same effect is Jenkins et al. v. Pye et al., 37 U. S. (12 Pet.) 253, 9 L. Ed. 1070; Lewis v. Bell, 58 U. S. (17 How.) 616, 15 L. Ed. 203.

We find no error in admitting that testimony.

■ The second assignment is to the action of the court in permitting plaintiff to be asked: "And did Carrie Madison after those conversations with you, and after this date and when the garages were built, authorize you to put these credits on the back?" (referring to the back of the notes in evidence).

The objections were that the agreement was in writing, and that the question was leading.

But as before pointed out, explanation of the entry by parol evidence was necessary. Authority for the entry being the subject of inquiry, the question could not well have been less leading, when put to a witness so connected with the controversy.

■ The third assignment of error is to the admission of evidence of Miss White's check dated April 15, 1924, to the contractor, Gaylor, which was claimed to be immaterial.

Plaintiff and her sister Mrs. Somerville having testified that she was authorized to make the entries on the notes on the day that Gaylor was paid, and the time of such payment being in question, the check was proper evidence for the jury in that connection.

■ The fourth assignment of error is to the admission in evidence of the notes, because of the claim that they were barred by the statute of limitations, but that question was the very question about which the jury was inquiring, and we see no error in their admission.

The fifth assignment claims error in admitting conversations about a part of the alley previously dedicated to the District, and contends that, because so dedicated, it could not have been a part of the consideration for the credits.

But testimony as to this made a part of the whole testimony concerning work on the property, and, as such, it was admissible.

■ The sixth assignment is to the refusal of the court to admit in evidence a memorandum of account introduced to show that the parties put some of their accounts in writing.

The record shows that the paper excluded contains nothing but a few items of household expenses, and plaintiff having already admitted she kept an account book, the sheet was inadmissible for the purpose offered.

■ Assignment numbered seven claims error of the trial court in not directing a verdict for defendant upon the conclusion of all the evidence.

But there were many discrepancies in the testimony, and many questions of veracity among the witnesses, which would have made a directed verdict improper in the case. Barney v. Schmeider, 9 Wall. 248, 19 L. Ed. 648; New Jersey R. & Trans. Co. v. Pollard, 22 Wall. 341, 22 L. Ed. 877; Moulor v. American Life Ins. Co., 101 U. S. 708, 25 L. Ed. 1077; Hickman v. Jones, 9 Wall. 197, 19 L. Ed. 551; Chalvet v. Huston, 43 App. D. C. 77; Riley Lumber Company v. McHarg, 47 App. D. C. 389; Milson v. Gerstenberg, 43 App. D. C. 165.

■ The eighth and last assignment is to the refusal of defendant's prayer No. 2, which was as follows: "The jury are instructed that if they find the evidence is uncertain and at best leads only to a probable inference that the defendant, even if within three years next prior to the filing of this suit, April 11, 1927, made the payment and authorized the credit claimed by the plaintiff, then the evidence is insufficient to remove the bar of the statute of limitations and they will find for the defendant."

This instruction was complicated and obscure, and, if given, would have had a tendency to confuse the jury as to the burden of proof and preponderance of evidence.

It was evidently intended as defendant's view, in detail, of the law on those subjects, but as her fourth prayer was granted, and those subjects were also properly treated in the general charge of the court, to which there was no exception, we find no error in this ruling. Harris v. United States, 8 App. D. C. 20, 36 L. R. A. 465; Travers v. United States, 6 App. D. C. 450; Ryan v. Wash. & G. R. R. Co., 8 App. D. C. 542; Pickford v. Talbott, 28 App. D. C. 498.

■ Furthermore, as said in Gleeson v. Virginia Midland R. R. Co., 1 App. D. C. 187, it has been repeatedly determined, and needs no citation of authorities, that if the propo-

sitions of law are fairly and justly stated to the jury, and all points of requested instructions covered, the refusal of particular requests, though correct statements in themselves, is not error.

The judgment of the Supreme Court of the District of Columbia is affirmed with costs.

Affirmed.