### RADIUS v. TRAVELERS INS. CO.
### No. 7947.

Circuit Court of Appeals, Ninth Circuit.
Jan. 13, 1937.

Arnold C. Lackenbach and Adrian A. Kragen, both of San Francisco, Cal., for appellant.

Joseph T. O'Connor and Leo R. Friedman, both of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

GARRECHT, Circuit Judge.

This action was brought by appellant as beneficiary under a policy of insurance issued by respondent company on the life of Walter A. Radius in the face amount of $7,500. The policy in question provides for the payment of the principal sum of $7,500 if death shall be caused "from bodily injury effected directly and independently of all other causes, through accidental means (suicide, sane or insane, not covered). * * *"

Since the death of Walter A. Radius has been the subject of two other appeals to this court, we refer, for the details so far as material, to the decision of this court in Wells Fargo Bank & Union Trust Co. v. Mutual Life Insurance Co. of New York, 66 F.(2d) 890.

There was also involved in this case the question whether or not Walter A. Radius' was an officer or employee of the Barnard Hirsch Company. This question arose after payment by the insurer of $2,500 to the widow of the deceased, claimed in the cross-complaint to have been made under mistake of fact, in that Walter A. Radius at the date of his death was neither an officer nor employee of the Barnard Hirsch Company; that the payment was made on a group life policy which covered only persons in the employ of said company. In his argument to the jury counsel for the plaintiff conceded that Walter A. Radius was not, at the time of his death, an officer of the Barnard Hirsch Company, but maintained that he was an employee. It appeared that the amount payable under the group policy was $2,500 for an officer or $1,000 for an employee. Judgment on the cross-complaint was in favor of the Insurance Company for $1,500—in effect finding that the deceased was an employee of the company, but not an officer. In any event, this portion of the judgment is not attacked on appeal and we need not further concern ourselves with it.

The appellant's assignment of errors contains eight assignments, of which four are set out in appellant's brief. The four not pressed in the brief are deemed abandoned and will not be considered. The last of those asserted in the brief, "That the verdict and judgment entered in the above entitled court and cause are, and each of them is, contrary to law" is insufficient to raise any point for consideration of this court, because it brings before us no ruling of the court below to which its attention was called, to which objection was made and upon which it had the opportunity of ruling. See our discussion of a similar point in Mutual Life Ins. Co. of New York v. Wells Fargo Bank & Union Trust Co., 86 F.(2d) 585, decided November 30, 1936.

The appellant claims that the court erred in refusing to give the following requested instructions:

### Specification I.

"I further instruct you that the means of death must have been accidental. If you find that in the action which preceded Mr. Radius death, something unforeseen, unexpected or unusual occurred, or that there was some miscalculation, slip or mishap after the starting of the motor by the decedent, then the death of Mr. Radius may be said to have been effected through accidental means within the meaning of the policy."

## Specification II.

"I further instruct you that, in deciding whether or not there was some slip or mishap or whether some unexpected or unforeseen circumstance intervened which resulted in the death of Radius, you are permitted to draw logical inferences from the evidence submitted to you, such as physical activity of the decedent resulting in increased respiration and a quicker inhalation of carbon monoxide gas, or such as the belief of the decedent that there was sufficient ventilation in the garage to carry off any fumes of carbon monoxide gas, or such as the vibration of the automobile moving the choke out resulting in the emission of a higher concentration of carbon monoxide gas."

## Specification III.

"I further charge you that there is a presumption of law against the theory of suicide, which presumption is to be considered by you in determining whether or not Mr. Radius committed suicide. If you find from the evidence introduced by the plaintiff the physical facts and surrounding circumstances leave in doubt the question whether Walter A. Radius met his death by suicide, then a presumption arises that such death was not self-inflicted, this presumption being founded upon the first law of nature, that of self-preservation."

■ Before we proceed to compare the requested instructions with those given, it is to be observed that a trial court is not bound to use exactly the same language in an instruction as that requested; neither is it obliged to give any or all of the instructions requested, correct though they may be—all that is required is that the jury be fully and fairly instructed on the law of the questions before it for determination. "A judge is not bound to adopt the categorical language which counsel choose to put into his mouth. Nothing could be more misleading. If the case is fairly put to the jury, it is all that can reasonably be asked." Ayers v. Watson, 137 U.S. 584, 601, 11 S.Ct. 201, 207, 34 L.Ed. 803. See also Goldberg v. U. S. (C.C.A.) 295 F. 447, 450. In Madison v. White, 60 App.D.C. 329, 54 F.(2d) 440, 442, 443, it was said: "* * * if the propositions of law are fairly and justly stated to the jury, and all points of requested instructions covered, the refusal of particular requests, though correct statements in themselves, is not error." This court has said, in U. S. v. Burke, 50 F. (2d) 653, 657: "A trial judge is not a mere automaton. He is not required by law to employ the identical language set forth in the requested instructions, and under proper circumstances and in the interest of justice may explain, qualify, or modify any such instructions, provided, of course, that he correctly states the law and the complaining party is accorded the right of review." See, also, Bowman-Hicks Lumber Co. v. Robinson (C.C.A.9) 16 F.(2d) 240, 241, 242. We also quote from 64 C.J., p. 865, § 699: "It is an elementary and well-settled general rule, * * * that the court may properly refuse requested instructions on any or all phases of the case, and that such refusal does not constitute error, or at most harmless error, although the requested instructions announce correct rules of law, where the propositions therein stated, so far as applicable to the facts of the case, are substantially and correctly covered by the court's general charge or by other instructions given on the request of either party."

Appellant's requested instruction covered by specification of error I, set out above, related to the law of accidental means. On this point the court instructed the jury as follows:

"Even if you find that Mr. Radius may voluntarily have placed himself in a position of danger, carelessly though it may have been, that does not preclude the plaintiff from recovery if you find that his death resulted through some miscalculation or through some force not anticipated or foreseen and effected solely through external, violent and accidental means. If you find this to have been the case, then his death was caused by accidental means within the meaning of the policy."

"An effect which is not the natural or probable consequence of the means which produced it, an effect which does not ordinarily follow and cannot be reasonably anticipated from the use of those means, an effect which the actor did not intend to produce and which he cannot be charged with the design of producing is produced by accidental means. It is produced by means which were neither designed nor calculated to cause it. If such an effect is not the result of design, cannot be reasonably anticipated, is unexpected, and is produced by an unusual combination of fortuitous circumstances; it is produced by accidental means. * * *"

The latter paragraph is practically a quotation from our opinion in Wells Fargo Bank & Union Trust Co. v. Mutual Life Ins. Co., supra, 66 F.(2d) 890, at page 894, which, in turn, quoted from Western Commercial Travelers' Ass'n v. Smith (C. C.A.7) 85 F. 401, 405, 40 L.R.A. 653, and fully and correctly defines the term "accidental means." It was said in Grand Trunk Railway Co. v. Ives, 144 U.S. 408, 433, 12 S.Ct. 679, 688, 36 L.Ed. 485: "Moreover, the substance of the request, so far as it was correct, had already been given, in general terms, by the court * * * and the refusal of the court to give it again, in different language, was not error." The court's refusal to give the instruction embodied in the first specification was not error.

Specification of error II related to the request to charge the jury that it was permitted to draw certain inferences from the evidence submitted. On this point the court charged the jury as follows: "A fact can be proven not only by the direct testimony of a witness but also by testimony as to a number of facts which, if true and believed by you, would establish another fact. In other words, you can establish a fact either by direct testimony or by circumstantial proof if the circumstantial proof is of such a nature that the question before you is established by the circumstantial proof."

The trial court is not bound to enumerate or to suggest to the jury all the inferences that may be drawn from the evidence; to so require would be to invite error.

The next and last specification (III) which we discuss has to do with the presumption against suicide. The court charged the jury:

"The burden is on the plaintiff to show that death came through accidental means, independently of all other causes, with the presumption that death was not suicidal running in favor of the plaintiff, Jacobine I. Radius."

"While it is true that the law indulges in a presumption that one does not commit suicide, that is a disputable presumption and stands merely in lieu of or substitute for proof of such fact. When the fact is proved contrary to the presumption then the presumption no longer exists. If sufficient evidence is introduced in the case to balance the presumption against suicide such presumption is overcome."

The District Court was correct in instructing the jury that the burden was upon plaintiff to prove that death was caused, solely and independently of other causes, by or through accidental means. The defendant did not plead that the deceased committed suicide. If the plaintiff proved that death was caused through accidental means, obviously that would negative suicide. The plaintiff-appellant complains specially of the use of the words, "If sufficient evidence is introduced in the case to balance the presumption against suicide, such presumption is overcome," "because it says that if the evidence in favor of the theory of suicide is such as to cause an even balance in the minds of the jury on the question of whether the act was suicidal or not, then the jury should find that the act was suicide." The appellant is in no position to object at this time to any instruction given by the court because error was not assigned or specified, nor was any objection made, but we merely quote that statement from her brief as illustrative of our next point and to assist in showing that in this regard the jury was as favorably instructed as appellant could have demanded.

If the evidence was equally balanced on the question of suicide, it is apparent that the appellant failed to establish by a preponderance of the evidence that the death was caused by accidental means. All that was necessary was that the jury be informed that in weighing the facts and circumstances in evidence they should consider the presumption that normally a man does not commit suicide.

The requested instruction would place the burden upon the defendant of proving suicide beyond a reasonable doubt. This is not correct, for all that is required in a civil case is that a fact be proven by a preponderance of the evidence. Moreover, the burden was upon plaintiff to prove accidental death which would, of course, negative suicide.

Judgment affirmed.