## Case No. 1,520.
### BLANCHARD'S GUN–STOCK TURNING FACTORY v. JACOBS.

[2 Blatchf. 69;[1] 1 Fish. Pat. Rep. 158.]

Circuit Court, S. D. New York. Nov. 16, 1847.

PATENTS—INFRINGEMENT—TRIAL—INSTRUCTIONS—NEW TRIAL—WEIGHT OF EVIDENCE.

1. The rule that the verdict of a jury will not be set aside where evidence was given on both sides, and there was no misdirection as to the law, is applicable to an action on the case for the infringement of a patent.

[See Stanley v. Whipple, Case No. 13,286.]

2. Where, in such an action, it was submitted to the jury, as a question of fact, whether the defendant was concerned in using the infringing

machine, or was merely a purchaser of the articles manufactured by it, and the jury, having been instructed that the defendant was not liable if he was only the purchaser of the articles after they were manufactured, found for the plaintiff: *Held* that, as there was evidence on both sides of the question, and the verdict was not clearly against the weight of evidence, it must stand.

[Cited in Bust v. Cornell Steamboat Co., 24 Fed. 189.]

[See Blagg v. Phoenix Ins. Co., Case No. 1,478.]

[3. The purchaser of patented articles from an infringer is not liable as an infringer.]

[See Goodyear v. Central R. Co., Case No. 5,563.]

At law. This was an action on the case [by Blanchard's Gun-Stock Turning Factory against Laban Jacobs] for the infringement of letters patent, granted to Thomas Blanchard for "a machine for turning and cutting irregular forms." See Blanchard's Gun-Stock Turning Factory v. Warner [Case No. 1,521]. The alleged infringement consisted in the use of the patented improvements in the manufacture of handles for hatchets. At the trial the plaintiffs had a verdict, and the defendant now moved for a new trial, on a case. [Denied.]

The points raised sufficiently appear from the opinion of the court.

Seth P. Staples, for plaintiffs.
W. R. Allen, for defendant.

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. The defendant moves to set aside the verdict rendered against him, as being without evidence to support it. It appears that one Pike, a subtenant of the defendant, had used a machine for turning hatchet handles, which was a violation of the Blanchard patent. The handles were manufactured for the defendant. Pike had come to the place at the instance of the defendant, and there was evidence of a relationship by marriage between them. The defendant gave evidence for the purpose of showing that he purchased the hatchet handles from Pike at fixed prices, and that he had no other connection with the manufacture than as a contract purchaser. The plaintiffs gave other evidence, conducing to show a concert between the defendant and Pike in the manufacture, and that it was under their mutual charge. The court instructed the jury that the action could not be maintained against the defendant, if he was no more than the purchaser of the articles after they had been manufactured by Pike, but that it was a question of fact for them to find from the evidence, whether or not the defendant was concerned with Pike in using the machine. There was testimony tending to show a common co-operation in working the machine and infringing the patent, and it belonged to the jury to determine the credibility and weight of that evidence. The rule

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

laid down in Ward v. Center, 3 Johns, 271, that the verdict of a jury will not be set aside where there has been evidence on both sides of a question of fraud, and no misdirection as to the law, is applied with like strictness to all cases of tort. Jarvis v. Hatheway, Id. 180.

A new trial will not be granted in any case unless the verdict is clearly without evidence or against the weight of evidence. Brown v. Wilde, 12 Johns. 455; Trowbridge v. Baker, 1 Cow. 251; Lewis v. Payn, 4 Wend. 423; Smith v. Hicks, 5 Wend. 48; Alsop v. Commercial Ins. Co. [Case No. 262]. Nor for the purpose of introducing new evidence to points before in controversy. Williams v. Baldwin, 18 Johns. 489; Douglass v. Tousey, 2 Wend. 352; Chatfield v. Lathrop, 6 Pick. 417. The evidence to support the action in this case was not very full or direct, and the circumstances were not in their character decisive against the defendant, but they all had a legal bearing upon the issue. The testimony offered by the defendant in his exoneration was met by counteracting facts, and we think the jury were well warranted in drawing, from the whole evidence considered together, the conclusion which they adopted. New trial denied.

[NOTE. For other cases involving this patent, see note at end of Blanchard v. Reeves, Case No. 1,515, and note at end of Blanchard's Gun-Stock Turning Factory v. Warner, Id. 1,521.]