### Bust *v.* Cornell Steam-Boat Co.

*(Circuit Court, S. D. New York. July 1, 1885.)*

Towage—Negligence—Evidence—Instruction—New Trial.

Under the circumstances of this case the question of negligence was a question for the jury to determine, and the verdict not being so manifestly against the weight of the evidence as to warrant the court in setting it aside, and the instructions of the court fairly presenting the question of negligence to the jury, a motion for a new trial is denied.

Motion for New Trial.

This action is brought to recover damages occasioned by the negligence of the defendants in failing to tow properly the plaintiff's canal-boat Minnie F. Howe from Newburgh to New York on the evening of October 4, 1881. In the last tier, directly behind the canal-boat, was a spile-driver, which became disengaged and was forced by the winds and waves violently against the stern of the canal-boat, causing the loss and injury complained of. Evidence was given tending to show that the spile-driver became unmanageable because of the giving way of a cleat to which the backing-line was fastened. The spile-driver drew but little water and carried no crew. Her deck was nearly covered by a house which caught the wind, no matter from what quarter it was blowing. She was an unwieldy, top-heavy, and dangerous craft to place in proximity to other boats. The action was tried at the April circuit, 1885, and resulted in a verdict for the plaintiff. The defendants now move for a new trial upon the grounds,— *first*, that the verdict is against the weight of evidence; and, *second*, that there was error in one of the instructions to the jury.

*James L. Bishop*, for plaintiff.

*Enos N. Taft*, for defendants.

Coxe, J. The verdict was not so manifestly against the weight of evidence as to warrant the court in setting it aside. The proposition now to be determined is, not whether the court is in accord with the jury upon the facts, but was there a question of negligence which should have been submitted to them? If so, the court cannot disturb the verdict without intrenching upon the province of the jury, unless it is so clearly against the evidence as to justify the conclusion that they, through ignorance, depravity, or gross partiality, failed to comprehend their duty. There is nothing here to warrant such a presumption. It may be conceded that the defendants' version of the transaction was maintained by witnesses, who, in number and intelligence, more than balance those produced by the plaintiff; but this concession avails the defendants nothing. The jury were justified in finding, if they saw fit to do so, that the defendants had not, in the fulfillment of their contract with the plaintiff, done all that a careful and prudent navigator should do in the making up and management of the tow. It was permissible for them to say that it was not

wise or prudent to start upon a night voyage with such an unruly craft as the spile-driver so near a helpless boat, at a time when the wind was aft, and, according to one of the witnesses, ominous signals were in the sky. The determination of the jury ought not to be interfered with. *Davey* v. *Ætna Life Ins. Co.* 20 FED. REP. 494; *Gilmer* v. *City of Grand Rapids,* 16 FED. REP. 708, 711; *Mengis* v. *Lebanon Manuf'g Co.* 10 FED. REP. 665; *Blanchard's Gunstock Turning Factory* v. *Jacobs,* 2 Blatchf. 69.

But it is urged that the court fell into error in instructing the jury as follows:

"If you find that the only fault in the case was an improper cleat upon the spile-driver, that would not, of itself, be sufficient to charge the defendants, unless you find also that the facts were of such a character that the defendants knew, or ought to have known, of the defective character of the cleat."

Upon this branch of the evidence, then, the following propositions were submitted: *First,* was there an improper cleat, and, if so, was the injury occasioned solely by reason thereof? *Second,* did the defendants know of the defect, or could it have been discovered by the exercise of ordinary care and diligence on their part? It is insisted that there is no evidence that the defendants knew, or were chargeable with knowledge, of want of sufficiency in the cleat. That it proved inadequate is not disputed. It gave way from the bolts being pulled out through the deck of the spile-driver, fairly indicating, from the standing-point of the plaintiff, that it was improperly fastened; that the wood to which it was attached was decayed, or that in size, construction, or position, it was incapable of bearing the strain placed upon it. It is obvious that some of these defects could have been discovered at a glance; others by a careful examination, and others still only by a minute and thorough inspection, which the defendants were not required to make. Whether the defendants should have discovered the defect depended upon various questions which the jury only were competent to decide. The mere happening of the accident, if they adopted the plaintiff's theory regarding it, was alone sufficient to raise a presumption of negligence. For instance, they might have found that the cleat broke early in the night before the winds and waves became boisterous. On the contrary, they might have adopted the defendants' theory that it broke from a peril of the sea; because of the sudden, angry, and unexpected tempest. That the prior finding, unexplained, would be sufficient to inculpate the defendants can hardly be doubted. On the one hand the defendants were not held to the strict rule applicable to common carriers, and on the other their duties were not confined to the less onerous obligations which a master owes to his employes. They occupied a medium ground between the two. They were bailees for hire, having life and property in their keeping, and they were required to exercise ordinary care, skill, and prudence, in arranging and navigating the tow. Whether they fulfilled their obligations in these respects, was, upon all the evi-

dence, a question of fact for the jury, and not a question of law for the court. For these reasons it is thought that the instruction complained of was not erroneous, but was as favorable to the defendants as they could reasonably ask. Of the many authorities upholding the foregoing propositions, a few, which may be regarded as more or less controlling in this court, are here given. *Rose* v. *Stephens & C. Transp. Co.* 20 Blatchf. 411; S. C. 11 FED. REP. 438; *Robinson* v. *New York Cent. & H. R. R. Co.* 20 Blatchf. 338; S. C. 9 FED. REP. 877; *Rintoul* v. *Same,* 17 FED. REP. 905; *Alden* v. *Same,* 26 N. Y. 102; *Worster* v. *Forty-Second St. R. Co.* 50 N. Y. 203; *Mullen* v. *St. John,* 57 N. Y. 567; *Lyons* v. *Rosenthal,* 11 Hun, 46; *The Quickstep,* 9 Wall. 665; *The M. M. Calcb,* 10 Blatchf. 467, 471; *The Sweepstakes,* Brown's Adm. 509, 514.

The motion for a new trial is denied.