## HENNING *v.* WESTERN UNION TEL. Co.

*(Circuit Court, D. South Carolina. May 13, 1890.)*

TELEGRAPH COMPANIES—NEGLIGENCE—EVIDENCE.

In an action against a telegraph company for an accident caused by a hanging wire, one witness testified that six or eight days before the accident four or five men cut down a telegraph pole near the place where the accident occurred, and left the wire hanging. There was no competent evidence that these men were in defendant's service. Another witness testified that two men employed by defendant cut down a pole in the same neighborhood 15 days before the accident, but left no wires hanging. There was no proof that the witnesses referred to the same transaction. *Held*, that the evidence did not connect defendant with the accident so as to justify a verdict for plaintiff.

At Law. On motion for new trial.

*Buist & Buist* and *John Wingate*, for plaintiff.

*Barker, Gilliland & Fitzsimons*, for defendant.

SIMONTON, J. This case has been exhaustively discussed, both in citation of authorities and in arguments upon them. The right of the court, after verdict, to look into and test the evidence upon which the jury came to their conclusion cannot be doubted. Whenever there is no evidence to sustain the verdict, or when there is evidence and it is insufficient, or when the preponderance of testimony is so great against the verdict as to raise the presumption that it was rendered through inadvertence, or bias or prejudice in favor of or against one of the parties, or through some corruption, misconduct, or objectionable behavior on the part of the jury, the court will and should set it aside. But when there has been competent evidence submitted on both sides, and the result depends upon the credibility which the jury attaches to testimony of the witnesses, without regard to the number of these witnesses, and the jury reach their conclusion, it is not competent for the court to interfere with it. It is not the opinion of the judge as to the credibility of the witnesses which governs such a case, nor his conclusion as to the preponderance of the evidence, based upon his opinion as to their relative credibility, nor what verdict he would find were he a juror. The jury alone can determine this. It is their exclusive province; and, were judges to interfere with it, the value of a trial by jury would be destroyed. Such is the result of the authorities quoted upon both sides. The names of the cases appear in a note to this opinion. Let us examine this case in the light of these principles. The plaintiff brought his action for damages resulting to him from this accident, caused, as he charges, by the negligence of the agents of the Western Union Telegraph Company. The burden of proof was on him. He and another witness testified that at the time of the accident he was going along the footpath quietly, and that he accidentally struck a hanging wire, which caused the accident. A witness was put up by defendant to contradict him in his statement that he accidentally touched the wire. The jury has solved this question. He did not contribute to the injury. There is no dispute upon the fact that a wire depended from the electric wire, causing the accident; and the only question remaining is, was this wire left hanging there by agents of the defendant? This plaintiff must prove, and, if there be any contradiction in the proof, the solution of the jury ends the question. The proof must be by competent evidence, that is, by evidence which the nature of the thing requires, (1 Greenl. Ev. § 2;) and in examining his proof the court is not only at liberty, it is its duty, to go into the whole case, and examine into the testimony offered by the defense, in order to see if all the testimony together may not sustain the verdict. See *Thomas* v. *Jeter*, 1 Hill, (S. C.) 382; *Railway Co.* v. *Cummings*, 106 U. S. 700, 1 Sup. Ct. Rep. 493. The witness for plaintiff who connects the defendant with the hanging wire is Augustus Pulfrich. He was called, and in his testimony in chief he swore that in the early part of September, some six, seven, or eight days before the accident, a time fixed by his illness the next day, he remembered the cutting of a pole in Hayne street at the place of this accident; that there were four or five men where the pole was cut, some assisting in it with pronged sticks in

their hands; that he was near the man who did the cutting, and saw the pole cut; that this was done by Stephen Rumph, who was in the employ of the Western Union Telegraph Company, and who told him that he got orders from that company to cut it down; that when the pole was cut down the line dropped on the electric wire, and he told the man to remove the wire away from the electric wire, and he told him that he (Pulfrich) had nothing to do with it. If the case of the plaintiff had ended here there could be no question of disturbing the verdict. But he was recalled in reply, and in his testimony, and in that of Mr. Buist, it appeared that he did not know the man Rumph at the time the pole was cut down, nor his connection with the Western Union Telegraph Company; that his only knowledge of these facts was derived in a conversation with Rumph, whom he saw and recognized at Branchville some months after the accident. The sufficiency of this evidence depends upon two questions: *First*, can it be used to show that Rumph was an agent of the defendant? and, *second*, can his declaration made at the time and under the circumstances stated be accepted? There is no evidence that the man Rumph was the agent of the defendant in cutting down the wire in question, except his own statement, made to Pulfrich at Branchville. Even were his other declarations admissible, his agency must be proved in some other way. His declarations *in pais* are not competent to prove it. Whart. Ev. § 1183, and cases quoted; *Jordan* v. *Stewart*, 23 Pa. St. 244. But were we to suppose that his agency has been shown by competent evidence, in this action of tort his statements made in Branchville, months after the accident, are not competent evidence. Whart. Ev. § 1174, and notes, and quoting cases. It is clear, therefore, that there was not sufficient evidence on the part of the plaintiff connecting the defendant with the accident. Was he aided by the evidence of the defendant? Is there in the testimony of the defense proof of facts supplementing the evidence of Pulfrich so as to fix the cause of the accident on the defendant. I assume from the action of the jury that Pulfrich's testimony was true in every respect. He saw on a day, six, seven, or eight days before the accident, which occurred on 15th September, 1889, four or five men taking down a pole on which were wires. One of these men was a man whom he afterwards identified as Rumph. None of them ascended the pole. They cut it down, sustaining it with pronged sticks, and, in the act of cutting, the wires fell and lodged on the electric wires. The man identified as Rumph cut down the pole, and Pulfrich warned him as to the consequences of his act, which warning was disregarded. The defendant's witnesses say that, acting for the Western Union Telegraph Company, they cut down a pole in the same locality on 1st September, 15 days before the accident; that two men only were engaged in that work,—Malone and Howell; that Howell climbed the pole, and cut away the wire; that Malone then cut down the pole as one would fell a tree, and that it came to the ground without any assistance of any kind; that Rumph was not in the party; that none of the wire fell on the electric wires, and that none of it was left behind; all of it was rolled up and carried away. Is there a conflict in this tes-

timony, which the jury must and could decide? Their province is to weigh the testimony *pro et con* and pass upon the preponderance. To do this, the testimony must be contrary,—the one inconsistent with the other. If the testimony on one side is true, that on the other must be false. As has been seen, the jury has believed Pulfrich, and for. the purposes of this case his testimony is true. But, notwithstanding this, the two witnesses for the defense, Malone and Howell, whose evidence has been abstracted above, may also be true. They do not contradict Pulfrich, nor is their testimony inconsistent with his. On one occasion four or five men may have taken down a pole in the way he stated, and may have let fall a wire as he swears, and Rumph may have been —undoubtedly in the opinion of the jury was—one of them. Yet on another occasion Malone and Howell may have taken down a pole as they have stated, leaving no wire. And this is the more probable, as the only circumstance in which their testimony coincides with that of Pulfrich is in the locality. He speaks of circumstances, time, persons, and conversation wholly different from those spoken of by them. This being so, their testimony cannot supply the material fact in which the testimony of Pulfrich was insufficient. The verdict of the jury settled no conflict and decided no issue of veracity between him and them. Taking the whole testimony of all the witnesses, there is no legal evidence bringing home to the defendant's agents the cause or causes of the accident. Says Mr. Justice MILLER in *Pleasants* v. *Fant*, 22 Wall. 116:

"It is the province of the court, either before or after the verdict, to decide whether the plaintiff has given evidence sufficient to support or justify a verdict in his favor; not whether on all the evidence the preponderating weight is in his favor; that is the business of the jury. But, conceding to all the evidence offered the greatest probative force to which according to the law of evidence it is fairly entitled, is it sufficient to justify the verdict? If it does not, then it is the duty of the court after a verdict to set aside and grant a new trial."

After careful review and consideration of the whole record in the case, I am satisfied that the verdict was not sustained in a material point by the evidence. The charge of the judge induced the error on the part of the jury, in that it assumed that there was competent evidence before them, which, if they believed, would justify a verdict for the plaintiff. This assumption was clearly an error on his part, and prejudiced the defendant. Undoubtedly it is the province of the jury to find all matters of fact, and of the court to decide all questions of law; but a jury has no right to assume the truth of a material fact without some evidence legally sufficient to establish it. It is therefore error in the court to instruct the jury that they may find a material fact where there is no evidence from which it may be inferred. *Parks* v. *Ross*, 11 How. 373. The verdict of the jury is set aside, and a new trial is granted.

NOTE OF CASES CITED. *U. S.* v. *Tillotson*, 12 Wheat. 180; *Ewing* v. *Burnet*, 11 Pet. 41; *Hickman* v. *Jones*, 9 Wall. 197; *Klein* v. *Russell*, 19 Wall. 463; *Insurance Co.* v. *Snyder*, 93 U. S. 393; *Moulor* v. *Insurance Co.*, 101 U. S. 708; *Wilkinson* v. *Greely*, 1 Curt. 63; *Blanchard's, etc., Factory* v. *Ja-*

*cobs,* 2 Blatchf. 69; *Hathaway* v. *Railroad Co.,* 29 Fed. Rep. 489; *Nonce* v. *Railroad Co.,* 33 Fed. Rep. 429; *Sargent* v. *Association,* 35 Fed. Rep. 711; *Wakeman* v. *Hungerford,* 16 Fed. Rep. 741; *Fearing* v. *De Wolf,* 3 Woodb. & M. 185; *Aiken* v. *Bemis,* Id. 348.