## THE WINNIE.

(Circuit Court of Appeals, Second Circuit. December 4, 1906.)

No. 56.

TOWAGE—INJURY OF TOW—LIABILITY OF TUG.

    A tug is not liable merely because a tow was injured while in its custody, but in an action against it to recover for the injury, the burden rests upon the libelant to affirmatively prove negligence or fault, which cannot be presumed merely because the injury is not otherwise accounted for.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Towage, § 34.]

Appeal from the District Court of the United States for the Southern District of New York.

On appeal in admiralty from a decree of the District Court of the United States for the Southern District of New York awarding $612.98 damages and costs against the steam tug Winnie for negligent towage of libelant's canal boat Fermoil. The opinion of the District Court is reported in 137 Fed. 166.

H. G. Ward, for appellant.

La Roy S. Gove, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. The important facts are stated in the opinion of the district judge.

The tug Winnie was engaged to tow the libelant's canal boat Fermoil and a larger boat, the barge Gildersleeve, from the Atlantic Basin to a stake-boat off Liberty Island in New York harbor. The Fermoil was made fast to the port side of the tug and the Gildersleeve to the starboard side, the bows of both vessels extending about 45 feet beyond the bow of the tug. The tide was ebb and a choppy sea was running. When the canal boat reached her destination it was found that two planks on her starboard side were broken. The main fault imputed to the tug is that, the tow was improperly made up, the bows of the two boats being drawn together so that they were not more than five or six feet apart, as illustrated by the following diagram:

This theory is supported by one witness only, the master of the Fermoil.

The claimant insists, on the contrary, that the tow was made up in the usual way, with the boats securely lashed to the tug and parallel to each other, their bows being 18 or 20 feet apart. The claimant's contention is sustained by the master, pilot, fireman and deck hand of the tug and by the exceedingly persuasive presumption that no tug-man, with even a superficial knowledge of the requirements of the service, would make up his tow in a manner so unprecedented that no plausible motive or reason can be assigned therefor. Not only would such an arrangement augment the hazard but it would render the service more difficult, requiring increased power to propel such a clumsy flotilla through the water.

The district judge was clearly of the opinion that the weight of testimony was with the claimant on this issue; but he found for the libelant upon the theory that the damage could be accounted for in no other way.

He says:

"The preponderance of the testimony, as well as the probabilities in view of the additional strain put upon the tug, are with the claimant, but unless something of the kind contended for by the libelant was done, I see no way of accounting for the damage."

We are unable to give our assent to this reasoning. The burden was on the libelant to prove fault on the part of the tug; in this he failed. The testimony preponderates overwhelmingly in favor of the claimant to the effect that the tow was made up in the usual way. This being so we cannot escape the conclusion that liability cannot

be predicated of a finding that the tow was made up in an unusual way. The libelant alleged negligence and failed to prove it. It was then the duty of the court to dismiss the libel.

It is not at all unlikely that the damage was caused by the swells of passing ferry boats, but the court is not called upon to enter the realms of conjecture in an attempt to ascertain how the accident was caused. It is enough for the present case that the tug did not cause it. There was nothing in the condition of the wind or water to make towing unusually hazardous. The master, according to the great preponderance of proof, exercised the reasonable care, caution and maritime skill required. The tug was not an insurer, and cannot be held liable merely because the Fermoil received an injury while in her custody.

The case is easily distinguishable from the Gennessee, 138 Fed. 549, 70 C. C. A. 673, where the make up of the tow was such as to invite disaster while the flotilla was lying to during a storm and the tug made no effort to mitigate the risks due to an unusually perilous situation.

The decree is reversed with costs, and the cause is remanded to the District Court with instructions to dismiss the libel.