## THE R. B. LITTLE.

(Circuit Court of Appeals, Second Circuit. June 3, 1914.)

### No. 8.

TOWAGE (§ 15*)—LIABILITY OF TUG FOR INJURY TO TOW—BURDEN OF PROOF.

To warrant a recovery against a tug for an injury to a tow, there must be some evidence of negligence or fault on the part of the tug, and she cannot be held liable where the cause of the injury is wholly conjectural.

[Ed. Note.—For other cases, see Towage, Cent. Dig. §§ 30–38; Dec. Dig. § 15.*]

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from the District Court of the United States for the Southern District of New York holding the tug Little in fault for damages sustained by the libelant's boat No. 23, while being towed from Elizabethport, N. J., to Ninety-Sixth street, East River. The damages were fixed at $1,011.

James Emerson Carpenter and Henry E. Mattison, both of New York City, for appellants.

James J. Macklin and De Lagnel Berier, both of New York City, for appellee.

Before COXE and ROGERS, Circuit Judges.

COXE, Circuit Judge. The negligence alleged in the libel was that the tug "run the said barge No. 23 over what is known as the Tenth Street buoy at about 9 a. m. o'clock of the day aforesaid, resulting in damage to the bottom of said barge, causing her to leak." The District Judge was in grave doubt upon the following questions of fact:

First.—Did the barge run over the Tenth Street buoy?

Second.—If so, was she damaged by so doing?

Admitting that it was a "very puzzling case" and that he could not understand how the injury happened even if the barge had gone over the buoy, he found for the libelant upon the theory that the barge

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

having been injured, the burden was upon the tug to explain the cause of the injury. His ruling was made upon the authority of The Ellen McGovern (D. C.) 27 Fed. 868. In that case the wife of the captain of the injured barge testified to facts which made it probable that the barge struck on Robbins Reef. She testified that some time between 1 and 2 o'clock in the morning she felt a jar which caused her to run up on deck where she saw Robbins Reef light about 100 feet distant. This was clearly sufficient to put the tug upon her proof, but nothing of the kind appears in the case at bar. It must be remembered that the tide was flood, the No. 23 was drawing about thirteen feet and, with the depth of water at the point in question, it would have been impossible for the barge to strike upon the reef or upon a sinker to which a buoy might have been attached. Such sinker could not have extended up from the bottom more than three or four feet and there was still four or five feet of water from the top of the sinker to the bottom of the barge. The buoy could not have caused the damage, even had the barge run over it, because, as before stated, the tide was flood and the buoy was slanting upstream in the same direction the barge was proceeding. The only effect of the barge going over the buoy would be to press it down during the transit, allowing it to spring up as soon as the barge passed. Every theory advanced by the libelant was shown to be untenable and, in the last analysis, the tug was found at fault because the injury was probably received while the barge was being towed. In our opinion something more than this must be required.

It seems to us that the burden is on the libelant to show some negligence on the part of the tug and that until this is done, the burden of proof does not shift. There is nothing in the testimony here to show that the tug was guilty of fault. It is all left to guesswork and speculation. The argument is that the barge was injured at some time, probably while being towed by the tug, ergo the tug is liable. In other words the tug may be held liable for an injury which she did not cause or aid in causing. No one knows or pretends to know how this injury was caused and until some proof is produced that the tug caused it, it seems to us she should not be held liable. The rule laid down by the District Court practically makes the tug an insurer.

Decree reversed with costs.