## THE MASON.

### THE CASCADE.

#### (District Court, W. D. New York. February 27, 1915.)

TOWAGE ⬯11—GROUNDING OF TOW—LIABILITY OF TUGS.

Two tugs, jointly engaged in towing a large laden steamer, without power at the time, into Buffalo river, *held* in fault for her grounding near the north side of the channel, in that when it was seen that, owing to the current, she was inclined to move to the northward, they were negligent in not keeping her further to the south, where there was ample depth of water.

[Ed. Note.—For other cases, see Towage, Cent. Dig. §§ 11–23; Dec. Dig. ⬯11.]

In Admiralty. Suit by the Kinsman Transit Company, owner of the steamer Matthew Andrews, against the steam tugs Mason and Cascade; Hand & Johnson Tug Line, claimant. Decree for libelant.

Van Iderstine, Duncan & Barker, of New York City, for libelant.
Brown, Ely & Richards, of Buffalo, N. Y., for claimant.

HAZEL, District Judge. On March 13, 1909, the large freight steamer Matthew Andrews, whose length over all was 552 feet, and whose beam was 56 feet, grounded on a shoal or bank on the northerly side of the defined channel, 325 feet wide and 19 feet deep, leading into Buffalo river. The injured steamer was without motive power at the time of the mishap, and her wheel was lashed. She contained 340,000 bushels of grain, and had been anchored the preceding winter at the middle gap of the breakwater, a short distance from the entrance to Buffalo river. She was in tow of the tugboats Mason and Cascade, bound for a grain elevator, where she was to be unloaded.

The evidence is that the tugs, which were jointly in charge of the towing service, permitted the steamer to deviate from her course in

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 82 Hun, 611.

the channel and to ground on the north side thereof, a short distance from the piers. To excuse the tugboats it is claimed that the towing service was performed in the ordinary way, the steamer being properly turned into the channel heading into Buffalo river, but that, notwithstanding all efforts of the tugs, which were large and powerful, a sudden and unexpected current carried the steamer onto a shoal at the dumping ground, where she was held fast.

The argument is that an unusually strong current struck the tow without warning to the masters of the tugs, that the strength and variation of the current could not have been foreseen, and that accordingly the tugs should not be held responsible. But I think the joint liability of the tugs Mason and Cascade, for failure to exercise proper skill and precaution commensurate with the requirements of the situation, is fairly shown by the evidence. There was ample depth of water for a distance of about 50 feet to the southward of the southerly line of the channel, so that the steamer could have been taken farther south as the exigencies of the situation required. Moreover, when the tugs left the breakwater, it was perceived that the current was first on the steamer's beam, then under her stern, and that after she turned into the channel it was again on her beam. This would seem to negative the claim that the current became unusually severe without notice to respondent.

The situation is such, I think, as to make applicable the rule that a tug impliedly represents that she has sufficient power and capacity to safely perform the towing service undertaken by her; that she is acquainted with the channel, the shoals and banks, together with the submerged obstructions; and that she is regardful of the ordinary conditions of the weather and the strength of the tides and currents. Spencer on Marine Collisions, p. 269. As the steamer was entirely under the control of the tugs, her wheel being lashed and her power shut off, there was no duty whatever resting upon her.

This case is distinguishable from The Winnie, 149 Fed. 725, cited by proctor for respondent, wherein the court held that negligence would not be presumed in a case where the injury was not otherwise accounted for. I think the tugboats are chargeable with negligence because of their failure to haul the steamer to the southward when they saw an inclination on her part to favor the north side of the channel.

Decree for libelant, with costs.