### ALDRICH v. PENNSYLVANIA R. CO.

(Circuit Court of Appeals, Second Circuit. December 11, 1918.)

No. 85.

1. TOWAGE ⊚⟹4—DUTY OF CARE AND SKILL BY TOWING VESSEL.
    One undertaking towage service is not an insurer, nor bound to exercise the highest degree of care and skill, but only such reasonable care and skill as would be exercised by a prudent navigator in a similar service.

2. TOWAGE ⊚⟹15(2)—INJURY TO TOW—EVIDENCE OF NEGLIGENCE.
    The burden is on one who asserts negligence to prove it, and the mere fact that a barge has been damaged while in tow does not raise a presumption that the tug was in fault.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by William W. Aldrich against the Pennsylvania Railroad Company. Decree for respondent, and libelant appeals. Affirmed.

The court below dismissed the libel filed against the respondent for damages to the barge William F. Monk, alleged to have been sustained through negligent towage. The libelant appeals.

Macklin, Brown & Purdy, of New York City (Pierre M. Brown, of New York City, of counsel), for appellant.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark, of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The William F. Monk was taken in tow by appellee's tug at Pier B. Jersey City, destined for the stake boat near Liberty Island, on the morning of April 4, 1916. There the Monk was the port outside boat in the next to the last tier, and in the last tier there were but three boats. There was no boat tailing astern of the Monk. After the tow proceeded, at about 3 o'clock in the morning, the master of the Monk went to bed. At this time the appellant and the master of the Monk testified that the barge was in good condition and undamaged at the place where it was subsequently discovered, it had met with violence. The tow was tied up at the Iron Dock at Elizabethport, as was the practice, to allow the loaded tugs bound north to pass. The first information given by the witnesses as to the evidence of a collision was given by the master of the Monk, who says that at 8 o'clock the next morning, upon coming on

deck, his attention was called to a very considerable hole—"large enough to walk in and out"—on the port side about 3 or 4 feet from the stern; there six planks, running fore and aft, were broken. The barge was light and had about 10½ feet free board. The testimony is silent as to a collision of any character, and the master of the tugs which did the towing testified that during the course of navigation there was no collision or bumping of any character.

The appellant rests his case, asking to infer negligence upon the foregoing circumstances. He urges that, from the mere happening of an accident under these circumstances, a presumption of negligence arises, and casts upon the appellee the burden of demonstrating that it was not due to any failure of duty on its part, or that of its servants, or, at least, establishing that the accident was one of those unavoidable occurrences for which no one is to blame.

[1] While the general rule respecting the duty and liability of one undertaking towage services for another is that he is bound to exercise reasonable skill and care, such as a prudent navigator would exercise in similar service until it is accomplished, and he is responsible for any damage which may result to the tow as a result of the failure to perform the responsibilities of such an undertaking, he is not an insurer, and required to use the highest possible degree of skill or care. The Steamer Webb, 14 Wall. 406, 20 L. Ed. 774; The Margaret, 94 U. S. 494, 24 L. Ed. 146; The J. P. Donaldson, 167 U. S. 599, 17 Sup. Ct. 951, 42 L. Ed. 292.

[2] The burden is on the one who asserts negligence to prove it, and the mere fact that a barge has been damaged while in tow does not raise the presumption that the tug has been at fault. The Winnie, 149 Fed. 725, 79 C. C. A. 431; The R. B. Little, 215 Fed. 87, 131 C. C. A. 395.

From the evidence in this record, including that of the appellant, it does not appear that the tug managed this tow with other than reasonable care and skill under all the circumstances. The appellant has not attempted to sustain the burden which is cast upon him of proving negligence in the performance of this duty assumed. No one seems to know, nor, indeed, do appellant's witnesses pretend to know, how this damage was caused. In the absence of some proof showing that the tug caused it, negligence cannot be presumed.

The master in charge of the Monk does not enlighten us as to the cause, and apparently there was no collision or blow to the barge during the night, which awakened him or any of the other barge masters who were in the tow. We are clear that the burden imposed upon the appellant has not been sustained.

Decree affirmed.