## THE WHITE CITY.

### No. 319.

Circuit Court of Appeals, Second Circuit.

April 6, 1931.

Florence J. Sullivan, of New York City, for appellant.

James E. Freehill and Neil P. Cullom, both of New York City, for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The libellant is the assignee of one Frost, who is the owner of a motor yacht, "The Drifter," built for him by the Consolidated Shipbuilding Company, which had promised to deliver her at Port Newark, New Jersey. The builder's yard was at Morris Heights, New York, and the yacht had to be towed down the Harlem and East Rivers through the Bay, the Kills, and into Newark Bay. For this purpose it made a contract with one Simpson to tow her and her cradle alongside a steamer at Port Newark. Simpson, finding it impossible to tow with his own vessel, substituted the claimants' vessel here in suit, the "White City," which undertook the work. She took the yacht and cradle upon a hawser and started out, there being no one on the tow except a servant of the builder, whose duties were no different from those of the ordinary bargee, and whom we shall consider to have been such. Due to delays in starting and en route, the "White City" did not reach Port Newark in time to deliver the yacht that day, and tied up for the night at a place called Fisher's Dock in Bayonne. The bargee, not wishing to stay aboard, announced that he would leave, to which the master of the "White City" did not object, and he left. The next morning the steamer again got under way and delivered the yacht and cradle to the proper consignee before breakfast.

The libellant proved that the yacht had been delivered in good condition to the "White City," and, upon evidence which satisfied the judge, that when delivered at Port Newark a hole had been stove in her side near the water line, for the cost of repairing which he sued. We see no reason to question the conclusion that the hole was made during the trip, and we dispose of the case upon that assumption. The claimants did not prove when or how the accident happened, or what care they took while towing, or indeed anything except the course they took, that they put fenders about the yacht while she lay at Fisher's Dock, and that in the morning she was in the same condition as when they took her. They suggested that a piece of driftwood, of which there was much in the Bay at that season, might have stove in the yacht's side, but this was merely an assumption. If a presumption of negligence arose from the mere fact of the delivery of the yacht in damaged condition, it had not been met. It extended to explaining how the injury occurred, or else that, however it did, it was not caused by their neglect. The testimony was too scanty to meet this test. The judge held that such a presumption existed from the contract, and that as it had not been rebutted, the libellant should recover. The claimants appealed.

There is no doubt that a towage contract, simpliciter, does not put the tow in bail to the tug (The Webb, 14 Wall. 406, 20 L. Ed. 774; Eastern Transportation Line v. Hope, 95 U. S. 297, 24 L. Ed. 477), but when the tow has no one in charge it has repeatedly been said, though generally obiter, that a bailment results [The D. Newcomb (D. C.) 16 F. 274; Bust v. Cornell Steam-Boat Co. (C. C.) 24 F. 188; The Seven Sons (D. C.) 29 F. 543; McWilliams Bros. v. Director General, 271 F. 931 (C. C. A. 2); The James McCue (D. C.) 37 F.(2d) 934; Delaware Dredging Co. v. Graham (D. C.) 43 F.(2d) 852]. Nor does the presence of a bargee change the relation. The Merrimac, Fed. Cas. No. 9478; The Princeton, Fed. Cas. No. 11433a, affirmed Fed. Cas. No. 11434; The Genessee, 138 F. 549 (C. C. A. 2); Doherty v. Pa. R. R. Co., 269 F. 959 (C. C. A. 2).

In the case of charters which are demises, we have often held that redelivery in damaged condition raises a presumption of negligence which the demisee must explain. Terry & Tench Co. v. Merritt & Chapman (C. C. A.) 168 F. 533; White v. Upper Hudson Stone Co. (C. C. A.) 248 F. 893; Schoonmaker, Conners Co. v. Lambert Transp. Co. (C. C. A.) 268 F. 102; Bushey v. Hedger (C. C. A.) 40 F.(2d) 417; Cummings v. Pa. R. R. Co. (C. C. A.) 45 F.(2d) 152. Swenson v. Snare & Triest Co., 160 F. 459 (C. C. A. 2), though at times cited for the same doctrine, is scarcely an authority, because the nature of the injury was such as to justify an inference, independent of presumption. We are committed in such cases to the doctrine which the District Judge applied to the towage of a barge manned only by a bargee. In principle we cannot distinguish between that and the situation at bar; and if free to choose we should follow the decision below. The reason for imposing a presumption appears to be here quite as strong as in demises; that is, the greater opportunity of the bailee to explain the injury, due to the immediacy of his access to the barge and the bailor's absence. Though a distinction might have been drawn when a bargee is present, none ever has been, and the only ground we can imagine is that in a demise the period of custody is usually longer, not a satisfactory difference.

Our own decisions seem to us, however, to have too strongly established an exception to justify a departure now. Whether this has arisen from confusing an ordinary towage contract, where the owner of the tow remains in possession, with a contract like this where the tow is unmanned or manned only by a bargee, we cannot tell. Probably the doctrine generally applicable was carried over to this situation without observing the difference; so far as it appears, the anomaly has not hitherto been observed. The first case in this court that we have found is The Genessee, 138 F. 549, 550, where the tug was held because of "an accident such as in the ordinary course of things does not happen when a bailee uses due care"; but this is inconclusive as to the absence of a presumption arising from injury alone. The decision depended upon an inference from the evidence, as was also true in The Wyomissing, 228 F. 186; Kiernan v. Lake Champlain Transp. Co., 273 F. 499; The Primrose, 42 F.(2d) 827; and The Fred'k Lenning, 45 F.(2d) 691, all decided by this court.

In The Winnie, 149 F. 725, we spoke of the burden of proof alone, which is indisputably upon the bailor, and which has nothing to do with a presumption, though the two are often confused. The tug had made proof, and there was no need for discussing presumption; nor did we do so. The next case was The R. B. Little (C. C. A.) 215 F. 87, where it was doubtful whether the injury had happened during the towing. There was no proof as to what caused it, but we dismissed the libel, using language equivalent to saying that there is no presumption. If proof of any kind does away with, "rebuts," the presumption, this case is not an authority. That however is not the limit of its office, if it exists at all. While it ceases to play any part in the result as soon as the claimant has discharged his duty of "going forward," yet if he cannot explain the injury, he must at least put in some proof to negative the existence of negligence in its occurrence. Once he has done that, the libellant must satisfy the judge of the fault. So understood, the R. B. Little, supra, seems to be a holding against such a presumption; the tug had not satisfied it, if it existed.

In The Clarence L. Blakeslee (C. C. A.) 243 F. 365, 366, the facts were all in evidence and showed just how the barge had been damaged. Strictly therefore it was necessary to hold no more than that the libellant had failed to carry the burden. Nevertheless, we went further and said that negligence is "not presumed merely because the injury is not otherwise accounted for," though The Winnie, which we cited, was scarcely an authority for that statement. In Aldrich v. Pa. R. R. Co. (C. C. A.) 255 F. 330, the barge had been stove in during the night, and nobody could explain how it had happened. Had she been on charter the bailee would have been liable; his immunity could rest only upon the absence of any presumption in a towage contract. In The Greenwich (C. C. A.) 270 F. 42, the whole situation was brought out, and our comment that the injury raised no presumption was obiter; nevertheless, it shows the doctrine which we supposed applicable. The same is true of The W. H. Baldwin (C. C. A.) 271 F. 411. The libel in Hildebrandt v. Flower Lighterage Co. (D. C.) 277 F. 436, affirmed without opinion in (C. C. A.) 277 F. 438, was against both tug and charterer, and the case was disposed of on a different theory as to each. Against the charterer a presumption was assumed, but not so against the tug, whose negligence the libellant was called upon to prove. In Brigham v. Cornell Steamboat Co., 18 F.(2d) 92, we concluded that the breaking adrift was due to the fault of the bargees, but we

said that the tow must prove negligence, by which we meant that it must so prove it in the first instance. We read The Ellen McGovern (D. C.) 27 F. 868, as imposing liability because of an inference of fact, though it is true that Brown, J., spoke of the burden of proof thereby thrust upon the tug, a not altogether clear statement.

The Seven Sons (D. C.) 29 F. 543, is a holding to the contrary, but not in this circuit. The Sea Lion (D. C.) 12 F.(2d) 124, Southgate v. Eastern Transp. Co., 21 F.(2d) 47 (C. C. A. 4), and The Ashwaubemie, 3 F.(2d) 782 (C. C. A. 4), contain at least dicta in accord with our view. We understand Delaware Dredging Co. v. Graham (D. C.) 43 F.(2d) 852, to hold that there is a presumption which does not extend, however, to explaining the cause of the injury. To neither of these propositions can we assent; first, we think that there is no presumption; second, if there were, that the bailee must explain the cause of the injury, or, if he cannot, that it was not due to his neglect. While we cannot find that there has been an authoritative ruling to the contrary elsewhere, we should be bound by our own decisions in any event. We think that they have settled the doctrine that in towage cases it makes no difference that the tow is in the possession or custody of the tug, and if so, the libellant did not make out a case.

Decree reversed; libel dismissed.