## TEXAS CO. v. LEA RIVER LINES, Inc.

### THE TADPOLE.

#### No. 1671.

United States District Court
D. Delaware.

Dec. 30, 1952.

Abel Klaw, Wilmington, Del., and Anthony V. Lynch, Jr. (of Pyne, Lynch & Smith), New York City, for libellant.

William Prickett, Wilmington, Del., for respondent.

LEAHY, Chief Judge.

1. Respondent, Lea River Lines, Inc., was the owner of the tug Tadpole.

2. On June 6, 1949, at Lockport, Illinois, respondent was given the exclusive handling, care and custody of a cargo of Fire Chief gasoline laden aboard the Barge LRL 104.

3. Libellant, the Texas Company, was the owner of the cargo laden aboard the Barge LRL 104 on June 6, 1949.

4. At about 9:30 a. m. June 6, 1949, and after the libellant's cargo of gasoline had been laden aboard the barge LRL 104, respondent discovered that part of the cargo was leaking from the starboard No. 3 compartment of the barge LRL 104.

5. The leak in the starboard No. 3 compartment of the LRL 104 had resulted from respondent's towboat Tadpole, while turning the barge LRL 104 at Lockport, Illinois, on June 6, 1949, previous to loading, negligently allowing the barge to come into contact with the concrete wall of the canal.

When an accident occurs, under circumstances in which it would not ordinarily have occurred had the proper care been exercised, duty is on the tug of proving proper care.[1] There arises a presumption of negligence where there is no reasonable explanation of collision.[2] There is a duty to disclose what happened, what was done to avoid, and what would have been necessary to prevent the damage to the vessel.[3]

Conclusions of Law.

1. The loss of part of libellant's cargo of Fire Chief gasoline was due to the negligent damaging of the barge LRL 104 by the towboat Tadpole at Lockport, Illinois, on June 6, 1949.

2. Respondent argues it was a mere bailee—not a tower—and as such it was free to enter into a contract limiting itself as to liability as a bailee for hire. Respondent's argument that the agreement between Texas and Lee exonerated the latter from liability for the loss of cargo is rejected. The contract involved in this case was for the carriage of libellant's cargo which involved not only the loading and carriage of the cargo in the barges of respondent but towage also by respondent's tugs. General rules of law apply to a simple towage contract. The past cases disclose a difference of opinion in the federal courts on the extent of liability where an attempt had been made to insulate against liability in towage situations. The differences were settled in the Wash Gray, Compania de Navegacion Interior S.A. v. Fireman's Fund Insurance Company, 227 U.S. 66, 48 S.Ct. 459, 72 L.Ed. 787. Here, the agreement—or release—that the towage would be at the risk of the tow did not contemplate freedom from liability for negligence on the part of respondent. As stated, the contract was for the carriage of libellant's cargo, including loading and carriage in respondent's barges. The towage was to be by respondent's tugs.

The contract is free from ambiguity where negligence is involved.[4] The pivotal finding and conclusion of law is, as in par. 1, supra, the loss of libellant's gasoline was due to the negligence of respondent. Release contracts from negligence are strictly construed. Here, if there had been

1. The Anaconda, 4 Cir., 164 F.2d 224. Cf. P. Dougherty Co. v. U. S., D.C.Del., 97 F.Supp. 287, at pages 292–293, per Rodney, J.

2. The Severance, 4 Cir., 152 F.2d 916; Turecamo v. U. S. A., 2 Cir., 125 F.2d 1001; The William E. Reed, 2 Cir., 104 F.2d 167; The Evelyn v. Gregory, 4 Cir., 170 F.2d 899; The Russell No. 16, D.C. S.D.N.Y., 25 F.Supp. 1013.

3. Cranberry Creek Coal Co. v. Red Star Towing & Transp. Co., 2 Cir., 33 F.2d 272, 274; The Rob, 2 Cir., 122 F.2d 312, 313.

4. Cf. In re California Eastern Airways, Inc., D.C.Del., 97 F.Supp. 853.

an intention to have a specific covenant releasing negligent towage, a simple statement of such an understanding would have been the easiest method.[5] The conclusion of law under this phase of defense is that the contract between the parties was an agreement to tow at the risk of the tow, but such agreement did not relieve the tug against liability for its own negligence in towing.

3. A decree in accordance with the foregoing findings and conclusions with a bill of costs for the libellant and with the usual reference to a commissioner to ascertain and report on the quantum of damages will be entered.

---

5. See The Wash Gray, supra; Mylroie v. British Columbia Mills Tug & Barge Co., 9 Cir., 268 F. 449; Harris Structural Steel Co., Inc. v. S. C. Loveland Co., Inc., D.C., 45 F.Supp. 282; 1942 A.M.C. 1338.